WR-81-972-04    81,972-04

Ex Parte

In The Court of Criminal

Bobby Drew Autry

Appeals @ Austin

Petitioner

MOTION DISMISSED
DATE: 4-2-15
BY: (X)

Austin, Texas

Motion to amend Habeas Record to include Memorandum of Law and to Supplement Grounds Previously Entered.

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 23 2015

Abel Acosta, Clerk

To the Honorable Judge of said Court:

Comes now, Bobby Drew Autry, petitioner, and wills this Honorable Court to hear the foregoing motion due to petitioner recently obtaining critical Court Documents through an outside, (Free World), source "The Cathedral of Hope Church in Dallas, Texas," and tardyness of same due to petitioners psychiatric complications and use of psychotropic medications.

## I

Petitioner, who is being illegally restrained in his liberties, by the Texas Department of Criminal Justice-Institutional Division, on Order of Dallas County District Attorney, Dallas County, Texas, due to gross Court defect, and or, errors based on Ineffective Assistance of Counsel, and Prosecution's violation

Pg. 1

of Brady [.], hereby shows the Court the following:

That on April 13, 2004 Plea Hearing was held, with due process violations so petitioner asserts his ground and claim of Ineffective Assistance of Counsel should be allowed to be expanded upon to add the foregoing complaints;

1. The conviction was obtained by a "Plea of Guilty" which was unlawfully induced and not made voluntary with understanding of the nature of the charge and the consequences of the plea.

2. The conviction was obtained by the Unconstitutional failure of the prosecution to disclose "To The Defendant", (Petitioner), evidence favorable to the defendant, demonstrated by Complainant's Recantations "spoken onto the record", by and through Assistant District Attorney Erin Price on April 13, 2004. After Plea Was Accepted, but before Sentencing.

3. The conviction was obtained by use of a coerced Confession, "Judicial Confession" although petitioner was on heavy doses of psychotropic Medications.

4. The conviction was obtained with the absence of Evidence, other than coerced "Judicial Confession" while petitioner was on Drugs.

pg. 2

5. Conviction was obtained in violation of the privilege against self incrimination.

6. Actual Innocence as demonstrated by the complainant's recantations and of oral statement stating that they wrote no statements against the defendant.

7. Counsel failed to investigate mental psychosis and or competence on or before April 13, 2004, or the issue of petitioner being on psychotropic medications. His representation fell below the Strickland Standard.

8. Petitioner has discharged his sentence in the cause of this instant writ, but is "restrained in his liberty" and has and will always suffer Collateral Consequences from this conviction. (Sex Offender Registration is in effect being controled by another — Not Free). Enhancement purposes will always be a factor of Collateral Consequences from this conviction.

9. The States "Judicial Confession" has no Notary Seal where there is a paragraph for said Seal.

## II

So, do we let Justice go unserved just so the State can win a conviction or do we serve Justice when the Court is found to have created a defect?

U.S. v. Anchondo-Sandoval, 910 F. 2d 1234 (5th Cir. 1990).

Citing:

Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L. Ed. 1314

The United States is the representative not of an ordinary party to a Controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it will win a case, but that Justice shall be done.

## III

## Arguments and Authorities

A petitioner's guilty plea does not preclude his claim of Actual Innocence on application for Writ of Habeas Corpus based on evidence that was unavailable at the time he "Pleaded Guilty." see;

Ex Parte Tuley, 109. S.W. 3d 388 (Tex. Crim. App. 2002)

Recantations were only learned of after plea of guilty, with no advice to withdraw plea, or motion filed for dismissal.

pg. 4

The policy that Federal Due Process is violated when an innocent person is incarcerated, as ground for Writ of Habeas Corpus, applies with no less force when the conviction is obtained by a Bench Trial or Guilty Plea; Tuley Key 462 T.C.C.P. 64.03(b) Includes Judicial Confession.

In cases involving a recantation by a complainant or a witness, counsel should request a live hearing because credibility is always a key issue.

The importance of a trial court's finding on credibility is amply demonstrated by the Court's brief Opinion granting relief in; Ex Parte Harmon, 116 S.W. 3d 728 (Tex. Crim. App. 2002).

Actual Innocence Demonstrated By Recantations and Verbal Statement of writing no statements against the defendant, (Petitioner). Reporters Record 4-13-04.

Violations of due process in; Ex Parte Carmona, 185 S.W. 3d 492 (Tex. Crim. App. 2006), the applicant was adjudicated guilty of sexual Assault based entirely upon perjured testimony.

He filed a petition for Habeas relief, claiming his release to deferred adjudication was revoked without due process of law, The witnesses against the applicant recanted their testimony, or their bias and and lies had been exposed.

Pg. 5

In an interesting case regarding a recantation by the complainant's, the court granted relief on the basis of an involuntary plea in;

Ex Parte Zapata, 235 S.W. 3d 794 (Tex. Crim. App. 2007).

The court granted relief in a situation where the applicant was not aware, at the time he pleaded guilty, that the complainant's had recanted their accusations and would not have testified against him at trial.

The applicant learned of the recantations after the entry of the plea but before sentencing.

Collateral Consequence

Ex Parte Ormsby, 676 S.W. 2d 130, 131 (Tex. Crim. App. 1984).

An exception to the preservation of error requirement is a Constitutional claim of Ineffective Assistance of Counsel where proper investigation or objection would have preserved the error and there is no proper reason why counsel did not act. see;

Ex Parte Harrington, 310 S.W. 3d 452, 459, (Tex. Crim. App. 2010).

Petitioner asserts his Fifth, Sixth, and Fourteenth Constitutional Amendments were violated.

As well as violations of The Texas Rules of Evidence and Texas Code of Criminal Proceedure.

pg. 6

## IV

If petitioner had logically and understandably known about, and or, been properly advised about the witness recantations, I could have made a better decision other than to plead guilty. Petitioner would have wanted the charges dropped or dismissed. Or He would have wanted to go to trial. see;

James v. Cain, 56 F. 3d 662 (CA 5 1995) see also;
Woodard v. Collins, 898 F. 2d 1027 (CA 5 1990). as well as
Hill v. Lockhart, 474 U.S. 52 [.]
Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 122 L.Ed. 2d 180 (1993) [.]

## V

Subsequently petitioner was given 10 years deferred probation in the same hearing as this cause in Cause No.'s WO3-25713-4(A) and Cause No. WO3-25714-4(A) Writs filed WR-81-972-02 & WR-81-972-03. Those writs had same violations as this current instant writ, but they were denied. Petitioner is not tallented in the education of law and with his current psychosis is in a state of dumb.

pg. 7

## VI

The Court has before it petitioners writ of Habeas Corpus WR-81-972-04, a motion/request previously submitted and this current motion, and being illegally restrained in his liberties request this Honorable Court to review the record in de novo to determine the errors and defects caused by the misrepresentation of counsel. In so finding, "Order the imediate release of petitioner."

Or in the alternative, reverse, remand, or affirm.

## Prayer

Wherefore, premises considered, petitioner prays the Honorable Court of Criminal Appeals reviews this cause in de novo, and in so finding defects orders Justice through the prescription of the law and also reopens writs WR-81-972-02 & WR-81-972-03 to find same defects as well as many others. In God We Trust.

Respecfully Submitted;

Bobby Autry #1701196
McConnell Unit
3001 S. Emily Dr.
Beeville, Tx. 78102

## Inmates Declaration

I, Bobby Drew Autry, petitioner, being presently incarcerated in TDCJ at the McConnell Unit in Beeville, Texas. Declare under penalty of perjury that according to my belief the facts Stated in the above motion are true and correct to the best of my Knowledge.

_Bobby Drew Autry_
Bobby Drew Autry

March 18, 2015

## Certificate of Service

I, Bobby Drew Autry, TDCJ # 01701196, being petitioner, hereby certify that a true and correct Copy of the above mentioned motion was served on the Court of Criminal Appeals @ Austin at P.O. Box 12308-Capitol Station, Austin, Texas 78711.

_Bobby Drew Autry_
Bobby Drew Autry

March 18, 2015